# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN DEVERICK LEWIS, | CASE NO. 14cv2264-WQH-BGS |
|---|---|
| Plaintiff, | |
| v. | |
| M. WAGNER, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Motion for New Trial and Motion for Reconsideration (ECF No. 42); Motion Requesting a Bad Faith Finding of Defendant's Motion for Summary Judgment Supporting Declaration (ECF No. 44); Objections to the Report and Recommendation (ECF No. 46); and the Ex Parte Application Requesting to Know the Status of Plaintiff's Motion for Reconsideration (ECF No. 49) filed by Plaintiff.

**I. Background**

On September 23, 2014, Plaintiff Brian Deverick Lewis, a state prisoner proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendant M. Wagner. (ECF No. 1). Plaintiff alleges that Defendant violated his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. Plaintiff alleges that Defendant violated Plaintiff's right to be free from retaliatory punishment for engaging in conduct protected by the First Amendment. Plaintiff

alleges that Defendant disciplined Plaintiff in a retaliatory manner by searching his cell and confiscating his personal property for exercising his First Amendment right of submitting a CDCR 602 against Defendant. *Id.* at 4-5. On January 5, 2015, Defendant filed an Answer. (ECF No. 5).

On October 13, 2015, Defendant filed a motion for summary judgment. (ECF No. 15). On February 17, 2016, Plaintiff filed an opposition and cross motion for summary judgment. (ECF No. 28). On March 16, 2016, Defendant filed a reply in support of Defendant's motion for summary judgment. (ECF No. 29).

On June 7, 2016, the Magistrate Judge issued the Report and Recommendation, recommending that the Court grant the motion for summary judgment filed by Defendant. (ECF No. 30). With regard to Plaintiff's First Amendment claim, the Report and Recommendation states, "Plaintiff has not submitted evidence of opposition to his protected speech," and "Defendant has presented evidence that . . . Defendant Wagner had a legitimate correctional purpose for searching Plaintiff's cell." *Id.* at 15. The Report and Recommendation states, "[I]t does not appear that Plaintiff's exercise of his First Amendment rights were chilled by the threat of the search or the search itself." *Id.* With regard to Plaintiff's Eighth Amendment claim, the Report and Recommendation states, "Defendant's actions do not demonstrate knowledge and disregard of excessive medical risk" and "[n]o triable issue of material fact exists as to the objective or subjective components of Plaintiff's claim." *Id.* at 18. With regard to Plaintiff's Fourteenth Amendment claim, the Report and Recommendation states, "There is no evidence that Plaintiff pursued the state law remedy available to him under California Government Code §§ 810 et. seq. before asserting his constitutional claim. Therefore, as a matter of law, Defendant is entitled to summary judgment on Plaintiff's Fourteenth Amendment Claim." *Id.* at 20. Further, the Report and Recommendation states, "Plaintiff has not provided evidence that the deprivation he experiences was of such constitutional magnitude that a material issue of fact exists." *Id.*

The Court granted Plaintiff two extensions of time to file objections to the

Report and Recommendation. (ECF Nos. 33, 36). The docket reflects that no timely objections were filed.

On September 14, 2016, this Court issued an order adopting the Report and Recommendation in its entirety. On September 20, 2016, Plaintiff filed a Notice of Late Filing of Plaintiff's Objections to the Report and Recommendation stating that due to the "closure and dysfunction" of the RJD Facility A Library, Plaintiff was unable to timely file Objections to the Report and Recommendation. (ECF No. 40).

On March 16, 2017, Plaintiff filed Motion for New Trial and Motion for Reconsideration, Motion Requesting a Bad Faith Finding of Defendant's Motion for Summary Judgment Supporting Declaration, and Objections to the Report and Recommendation. (ECF Nos. 42, 44, 46). On October 10, 2017, Plaintiff filed an Ex Parte Application Requesting to Know the Status of Plaintiff's Motion for Reconsideration. (ECF No. 49). The record reflects that Defendant has not filed a response to any of Plaintiff's recent filings.

**II. Motion for New Trial or in the alternative Motion for Reconsideration**

Plaintiff moves the Court for an order granting him a new trial pursuant to Rule 59(a) or in the alternative, requests that the Court vacate the judgment entered in this case pursuant to Rule 60(b) and consider Plaintiff's objections to the Report and Recommendation. (ECF No. 42). There has been no trial in this case. Accordingly, the Court construes Plaintiff's motion as a Motion to Vacate Judgment pursuant to Rule 60(b).

Plaintiff contends that he could not timely file his objections to the Report and Recommendation due to circumstances beyond his control and that his objections were not considered in the Order adopting the Report and Recommendation. Plaintiff asserts that he attempted to make a copy of his objections and file on August 26, 2016 to meet the September 1, 2016 deadline, but was unsuccessful because the copy machine in the library was out of order. Plaintiff asserts that the copy machine was out of order until September 16, 2016, and due to a large volume of backlog of copying services for other

inmates, Plaintiff could not copy his objections until September 19, 2016.

**A. Applicable Law**

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. (60)(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529–32 (2005) (Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (citations omitted).

To justify relief under Rule 60(b)(1), a party must show "excusable neglect." Fed. R. Civ. P. 60(b)(1). "To determine when neglect is excusable, we conduct the equitable analysis . . . by examining . . . (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotations omitted).

"To justify relief under subsection (6) [of Rule 60], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Courts "use Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)) (quotations omitted). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute his case.'" *Id.* (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

"Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).

**B. Ruling of Court**

Upon a review of the record, the Court finds that Plaintiff has demonstrated injury because he lacked sufficient opportunity to timely file objections to the Report and Recommendation. The Court finds that Plaintiff has demonstrated an inability to timely file objections to the Report and Recommendation due to circumstances beyond his control. The Court concludes that Plaintiff has demonstrated "extraordinary circumstances which prevented or rendered him unable to prosecute his case" sufficient to warrant relief from judgment. *See Lal*, 610 F.3d at 524.

The Motion to Vacate the Court's Order on September 14, 2016 (ECF No. 37) is granted. (ECF No. 42).

**III. Objections to the Report and Recommendation**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**A. First Amendment Retaliation Claim**

The Magistrate Judge concluded that Plaintiff failed state a claim for retaliation

because Plaintiff did not demonstrate that Defendant's actions did not reasonably advance a legitimate correctional goal and did not demonstrate causation between the alleged retaliation and the exercise of Plaintiff's First Amendment Right. The Report and Recommendation states "Plaintiff alleges that on February 22, 2014, . . . he told Defendant Wagner that he would write a complaint against him for his disrespect to which Defendant allegedly responded 'and then you're going to be my next cell search, what cell are you in?'" (ECF No. 30 at 2). The Magistrate Judge found that the encounter on February 22nd was not the cause of the alleged retaliatory search because Defendant submitted evidence that the cell search was "part of Defendant's required duty." *Id.* at 13. The Magistrate Judge found that "Defendant would have had to engage in a cell search even in the absence of the Plaintiff's CDCR 602 complaint" and concluded that "Plaintiff has failed to submit evidence that the actions taken by Defendant lacked a legitimate correctional goal." *Id.*

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to prove the elements of a retaliation claim. Plaintiff contends that the Magistrate Judge relied on material facts that are false and misleading. (ECF No. 46).

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate, (2) because of, (3) that inmate's protected conduct, and that action (4) chilled the inmate's exercise of his First Amendment Rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The plaintiff must submit evidence that links the alleged retaliation with the exercise of a First Amendment right. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The plaintiff must show the exercise of the First Amendment right was the substantial or motivating factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Raising a genuine issue of material fact as to retaliatory motive requires that the plaintiff produce, "in addition to evidence

that the defendant knew of the protected speech, at least (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant expressed opposition to the speech or (3) evidence that the defendant's proffered reason for the adverse action was false or pretextual." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 771 n.21 (9th Cir. 2006).

### 1. Number of cell searches

Plaintiff objects to the factual finding in the Report and Recommendation that Plaintiff's cell was searched twice in March 2014. Plaintiff contends that Defendant's March 29, 2014 search was the sixth time Plaintiff's cell was searched that month. Plaintiff does not contend that Defendant conducted any of the five searches prior to the March 29th search. Plaintiff contends the March 29th search was not part of Defendant's required job duty and was not an "infrequent and unscheduled" search pursuant to CAL. CODE REGS. tit. 15 § 3287(a)(1) (2017). Plaintiff objects to the factual finding in the Report and Recommendation that most cells in the housing unit were searched between one and four times in February and March 2014. *See* ECF No. 30 at 13. Plaintiff contends the Cell Search Log and Housing Unit Log Book indicate that no cell was searched more than three times per month, that most cells were searched one time, and that five cells were not searched at all in March 2014. Plaintiff asserts that these facts show that Defendant did not have a legitimate correctional goal in searching his cell on March 29, 2014.

The Magistrate Judge noted that "cell search frequency is an average – not a limit." (ECF No. 30 at 13). The Magistrate Judge found that any dispute regarding the number of times Plaintiff's cell was searched in March 2014 was not material. The Magistrate Judge correctly concluded "Defendant would have had to engage in a cell search even in the absence of Plaintiff's CDCR 602 complaint" and that "a part of Defendant's required duty [is] to conduct mandatory routine cell searches." Id. at 13. Evidence in the record supports the Magistrate Judge's finding that the March 29th

search by Defendant reasonably advanced a legitimate correctional goal.

### 2. Proximity between retaliatory threat and search

Plaintiff contends the search by Defendant on March 29, 2014 was the first search conducted by Defendant since the alleged retaliatory threat on February 22, 2014. Plaintiff contends the Magistrate Judge erred in finding that "Plaintiff has not submitted sufficient evidence of proximity in time between the incident or submission of the CDCR 602 in February and the alleged retaliatory cell search, which occurred a little more than a month later on March 29, 2014." (ECF No. 30 at 14).

Causation is met if the Plaintiff's speech is the motivating factor behind the retaliatory conduct. *Pratt*, 65 F. 3d at 807. In this case, the record reflects that Defendant was "required" to conduct mandatory routine cell searches. (ECF No. 30 at 13). "Defendant would have had to engage in a cell search even in the absence of Plaintiff's CDCR 602 complaint." *Id.* The Magistrate Judge correctly concluded that the evidence does not demonstrate that Plaintiff's speech was the motivating factor of Defendant's cell search.

As to the fourth element, the Magistrate Judge correctly concluded that "it does not appear that Plaintiff's exercise of his First Amendment rights were chilled by the threat of a search or the search itself." (ECF No. 30 at 15).

### B. Eighth and Fourteenth Amendment claims

Plaintiff objects to the Magistrate Judge's finding that the confiscation by Defendant of Plaintiff's fan and pillow "do[es] not demonstrate knowledge and disregard of excessive medical risk." (ECF No. 30 at 18). Plaintiff contends merely possessing items in cells that do not appear on an approved list or for which inmates cannot prove permissibility did not violate prison rules and did not warrant confiscation. Plaintiff contends Defendant had no legitimate basis to confiscate Plaintiff's items and Defendant violated Plaintiff's Eighth and Fourteenth Amendment rights.

### 1. Applicable Law

The Eighth Amendment prohibits cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citing *Jackson v. Bishop*, 404 F.2d 571 (8th Cir. 1968)). In the context of incarceration, although "[t]he Constitution 'does not mandate comfortable prisons," the Supreme Court has stated that malicious cell searches and "calculated harassment unrelated to prison needs" may implicate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); *Hudson v. Palmer*, 468 U.S. 517, 528–30 (1984). However, after incarceration, "only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle*, 429 U.S. at 103).

A viable Eighth Amendment claim that a prison official has deprived an inmate of humane conditions must meet both an objective requirement and a subjective requirement. *Lopez v. Smith*, 203 F.3d 1122, 1132–33 (9th Cir. 1995) (citing *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measures of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference. *Id.* (citing *Allen*, 48 F.3d at 1087). In the context of a prisoner's medical needs, the "determination of deliberate indifference requires an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by *WMX Techs., Inc. v Miller*, 104 F.3d 1133 (9th Cir. 1997)).

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life,

liberty, or property without due process of law." U.S. Const. amend. XIV. To prevail on a claim of deprivation of liberty or property without due process of law, a plaintiff must first establish the existence of a protected liberty or property interest. After meeting this threshold requirement, the plaintiff must then demonstrate that the defendants failed to provide due process. *See Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). A temporary deprivation of personal property does not constitute a violation of a prisoner's due process rights unless Plaintiff can show the deprivation imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," causing actual harm to the inmate. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

### 2. Ruling of the Court

The Magistrate Judge found that Defendant's alleged illegitimate basis for confiscating Plaintiff's items was insufficient to establish Defendant's deliberate indifference. The Magistrate Judge correctly concluded that "Defendant's actions do not demonstrate knowledge and disregard of excessive medical risk because Defendant did not know whether Plaintiff was allowed to possess the medical devices, he believed the property was in violation of prison rules, and only temporarily took the property while determining its permissibility." (ECF No. 30 at 18).

As to the Fourteenth Amendment claim, the Magistrate Judge correctly concluded "[t]here is no evidence that Plaintiff pursued the state law remedy available to him under California Government Code §§ 810 et seq. before asserting his constitutional claim. Therefore, as a matter of law, Defendant is entitled to summary judgment on Plaintiff's Fourteenth Amendment Claim." (ECF No. 30 at 20). The Magistrate Judge correctly concluded Defendant did not violate Plaintiff's Eighth or Fourteenth Amendment rights.

### III. Motion Requesting a Bad Faith Finding of Defendant's Motion for Summary Judgment Supporting Declaration

The Motion Requesting a Bad Faith Finding of Defendant's Motion for Summary Judgment Supporting Declaration is denied. (ECF No. 44).

**IV. Ex Parte Application Requesting to Know the Status of Plaintiff's Motion for Reconsideration**

Plaintiff's ex parte application "respectfully request[s] the Court to inform him of the status of his [motion for reconsideration.]" (ECF No. 49). This Order rules on the motion for reconsideration. The ex parte application is granted. (ECF No. 49).

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration is GRANTED. (ECF No. 42). The Order filed on September 14, 2016 and the Judgment filed on September 14, 2016 are VACATED. (ECF Nos. 37, 38).

IT IS HEREBY ORDERED that the Motion Requesting a Bad Faith Finding of Defendant's Motion for Summary Judgment Supporting Declaration is DENIED. (ECF No. 44).

IT IS HEREBY ORDERED that the Ex Parte Application Requesting to Know the Status of Plaintiff's Motion for Reconsideration (or New Trial) of the Court's September 14, 2016 Order Adopting the R&R Granting Defendant's Motion for Summary Judgment is GRANTED. (ECF No. 49).

IT IS FURTHER ORDERED that the Objections to the Report and Recommendation are OVERRULED. (ECF No. 46). The Report and Recommendation (ECF No. 30) is ADOPTED in its entirety. Defendant's motion for summary judgment (ECF No. 15) is GRANTED and Plaintiff's cross motion for summary judgment (ECF No. 28) is DENIED. The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

DATED: 11/28/17

WILLIAM Q. HAYES
United States District Judge